IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL GRECCO PRODUCTIONS, : CIVIL ACTION
INC. :
 :
 v. :
 : NO. 17-988
HER CAMPUS MEDIA LLC :

# ORDER

**AND NOW,** this 12th day of October 2017, following our September 26, 2017 Order (ECF Doc. No. 15) beginning discovery and today's Initial Pretrial Conference, it is **ORDERED**:

1.  Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.ded.uscourts.gov.

2.  All motions to amend the Complaint and to join or add additional parties shall be filed by **November 17, 2017.**

3.  Plaintiff shall file the required supplemental statement of undisputed facts no later than **November 20, 2017**.

4.  We **strike** Affirmative Defense No. 3 (ECF Doc. No. 14) **without prejudice**.

5.  All fact and expert discovery shall be served, noticed and completed by **December 13, 2017**.[1]

---

[1] Should *all* parties wish to extend this *discovery* deadline *without extending any other deadline*, the parties may agree to do so without seeking leave of the Court.

6.      **This matter is referred to Magistrate Judge Heffley for all settlement purposes.** Plaintiff's Counsel will contact Magistrate Judge Heffley within seven (7) days of this Order to schedule an initial settlement conference to occur on or before **December 19, 2017**. Counsel will timely advise Magistrate Judge Heffley if there is <u>no chance</u> of settlement before the conference; Counsel shall also then promptly advise in writing and then confer with this Court to discuss the lack of any settlement opportunity.

7.      Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **November 7, 2017**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **December 8, 2017**. Expert depositions, if any, shall be concluded no later than **December 13, 2017**.

8.      Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

9.      Summary judgment and *Daubert* motions, if any, shall be filed no later than **January 8, 2018**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **January 24, 2018**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix

filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f) Parties shall provide Chambers with one (1) paper courtesy copy of all summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

10. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

11. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

12. No later than **February 16, 2018**, counsel for each party shall exchange a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

13. No later than **February 20, 2018**, each party shall file a pretrial memorandum compliant with this Court's Policies.

14. No later than **February 21, 2018**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

15. All motions *in limine*, proposed *voir dire* peculiar to your case, objections to proposed jury instructions and deposition designations (providing the transcript to Chambers) shall be filed on or before **February 22, 2018**. Responses, including counter-designations, if any, shall be filed on or before **March 2, 2018**.

16. A final telephonic pretrial conference will be held on **March 8, 2018** at **4:45 P.M.** Counsel for Plaintiff shall initiate this call and timely call Chambers at 267-299-7680 when all trial counsel are on the line.

17. Counsel is attached for jury selection followed by a two (2) day trial beginning on **March 12, 2018** at **9:00 A.M.** in a courtroom to be announced, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801.[2]

KEARNEY, J.

---

[2] The parties may jointly request the location of trial in the Philadelphia courthouse, 601 Market Street, Philadelphia, Pennsylvania, along with a Pennsylvania venire, no later than **February 6, 2018**.