IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HER CAMPUS MEDIA LLC, <br><br> Defendant. | Case No.: 17-cv-00988-MAK-MPT |

**PLAINTIFF'S MOTION TO REOPEN THE ACTION, VACATE DISMISSAL, AND COMPEL SPECIFIC PERFORMANCE OF THE SETTLEMENT AGREEMENT**

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), hereby moves to reopen the above-captioned action (the "Action"), and respectfully requests that the Court vacate the order dismissing the Action and enter an order requiring specific performance of the settlement agreement (attached as Exhibit A) and term sheet (attached as Exhibit B[1]) (collectively, the "Settlement Agreement,") that Plaintiff entered into with Defendant Her Campus Media LLC ("Defendant"), as of December 19, 2017.

The basis for this motion is simple. Defendant has consistently approached its legal and contractual obligations as mere suggestions, rather than responsibilites that must be met. As an initial matter, Plaintiff was forced to file this action because Defendant refused to obtain the licenses necessary to utilize Plaintiff's copyrighted works, and then rejected Plaintiff's efforts to be compensated for the infringement. In addition, through just five months of litigation,

---

[1] The term sheet was handwritten primarily by Defendant's counsel and is difficult to read. Thus, for the Court's convenience, Plaintiff typed out what it believes the handwritten text states and has appended that document to Exhibit B.

Defendant repeatedly failed to satisfy deadlines and obligations set by the Court, and frustrated Plaintiff's attempts to take discovery in accordance with the Federal Rules of Civil Procedure. Now that the parties have entered into the Settlement Agreement and the Action has been dismissed, Defendant has not followed through on its obligation to pay Plaintiff the settlement amount. As a result, Plaintiff seeks this Court's assistance to secure the settlement amount, which has been due since January 3, 2018, and to compel Defendant to reimburse Plaintiff for the legal fees accrued in connection with this motion.

In further support of this motion, Plaintiff states as follows:

**Plaintiff Discovers Defendant's Copyright Infringement, Nevertheless, Defendant Refuses to Compensate Plaintiff for the Stolen Works[2]**

1. Plaintiff is a popular professional photography and film production studio that has been engaged to photograph numerous film and television stars and other celebrities, among other subjects. Compl. ¶ 2.

2. Included in the many and valuable photographs of celebrities that Plaintiff created are the iconic images of David Duchovny and Gillian Anderson as their characters, Fox Mulder and Dana Scully from the X-Files (the "X-Files Copyrighted Work"), and actor Will Smith (the "Will Smith Copyrighted Work"). *Id.* ¶ 8. Plaintiff holds valid copyrights in both the X-Files Copyrighted Work and the Will Smith Copyrighted Work. *Id.* ¶¶ 11, 13.

3. Shortly before filing the instant Action, Plaintiff discovered that Defendant had been infringing Plaintiff's exclusive copyrights in the X-Files Copyrighted Work and the Will Smith Copyrighted Work. *Id.* ¶ 18.

---

[2] Given that the parties settled this matter before any substantive discovery, the background facts referenced in this section are from Plaintiff's *Complaint for Copyright Infringement*, which was filed on July 19, 2017. ECF No. 1 (cited herein as "Compl. ¶ __").

2

4. Defendant's reproduction of the relevant works was without Plaintiff's permission, and as a result, Plaintiff served Defendant with written notice of the infringement, demanding that Defendant cease and desist from the continued infringement. *Id*. ¶ 21-22.

5. Plaintiff further requested compensation from Defendant for the unauthorized commercial use of the works at issue. *Id*. ¶ 22.

6. After Plaintiff provided notice to Defendant of the infringement, Defendant removed the infringing versions of the X-Files Copyrighted Work and the Will Smith Copyrighted Work from its website. *Id*. ¶ 23. Defendant, however, refused to pay the Plaintiff for its use of those photographs. *Id*.

7. Defendant's response ultimately led Plaintiff to file its complaint in this Action.

**During this Short Litigation, Defendant Repeatedly Sought to Avoid its Obligations**

8. Rather than engage in substantive settlement negotiations to resolve Plaintiff's valid claims, Defendant opted for a pattern of perplexing gamesmanship.

9. In response to Plaintiff's Complaint, based on Defendant's violations of the federal Copyright Act, Defendant moved to dismiss Plaintiff's claims on the grounds that this (federal) Court lacked subject matter jurisdiction. ECF No. 9.

10. Likely recognizing that the motion was a baseless stall tactic, designed to waste time and Plaintiff's resources, this Court quickly denied the relief sought. ECF No. 11.

11. Afterwards, the Court instructed the parties to hold a Rule 26(f) meeting and jointly submit a report for the Court's consideration. *See* ECF No. 15. As part of the report, the parties were to prepare a stipulation of undisputed facts.

12. Plaintiff drafted stipulated facts, which attempted to focus on general details that the parties did not dispute, and shared them with Defendant. Defendant initially insisted that it

would not agree to any facts other than those in the affidavit filed in support of its failed motion to dismiss. When Plaintiff refused to agree to one-sided facts from an obviously partisan affidavit, Defendant accepted a few of the facts proposed by the Plaintiff and proposed other facts.

13. In turn, Plaintiff agreed to a number of the facts proposed by Defendant and circulated a revised version of the stipulated facts, asking Defendant's counsel to confirm agreement or make any edits necessary to identify only agreed upon facts. Defendant's counsel refused to do either. *See* Exhibit C, October 2017 email exchange between Plaintiff's counsel and Defendant's counsel.

14. Thus, rather than submit a joint report, Plaintiff was forced to file *Plaintiff's Report of Rule 26(F) Meeting*. ECF No. 21. That submission, despite Plaintiff's efforts to compromise, did not comply with the Court's policies.

15. Upon receiving *Plaintiff's Report of Rule 26(F) Meeting* and Defendant's response to that report (ECF No. 22), the Court instructed the parties to make another attempt at drafting a joint statement of undisputed facts.

16. Despite the Court's command that the parties file the undisputed facts by November 20, 2017, before that deadline, Defendant made no efforts to reach a compromise. In fact, it did not appear that Defendant intended to comply with the Court's instruction until Plaintiff circulated another draft of the proposed undisputed facts and insisted that the parties finalize the document before 6:00 p.m., the day of the deadline. *See* Exhibit D, November 2017 email exchange between Plaintiff's counsel and Defendant's counsel.

17. Unfortunately, the parties could not reach an agreement by the deadline. As a result, Defendant filed the joint statement of undisputed facts two days (given the 6 p.m. deadline) after the Court instructed the parties to do so. ECF No. 26.

18. While Plaintiff was attempting to cajole Defendant into complying with the Court's orders, Plaintiff also was attempting to secure discovery from Defendant. Once again, Defendant ignored its obligations and sought to frustrate Plaintiff's efforts.

19. On November 7, 2017, Plaintiff served its Notice of Rule 30(b)(6) Deposition on the Defendant, indicating that Plaintiff wished to take the deposition of Defendant's corporate representative on December 8, 2017.

20. Defendant said nothing in response until November 29, 2017, when it served a letter objecting to certain topics and taking the position that it was not available for deposition on December 8, 2017. *See* Exhibit E, Defendant's Letter, dated November 29, 2017. Defendant offered no alternative date for the deposition.

21. On December 4, 2017, Plaintiff's counsel offered to reschedule the deposition on December 12 or 13, 2017. Defendant's counsel responded that day claiming not to be available on those dates, but *again* offering no alternative.

22. Between December 4 and December 8, 2017, Plaintiff's counsel sent five or more emails in an attempt to have Defendant agree to a date on which to reschedule the deposition. Defendant refused to offer <u>any</u> available date.

23. Instead, on December 7, 2017, Defendant filed a Motion To Limit Scope Of Fed. R. Civ. P. 30(b) Deposition Topics (ECF No. 28), without attempting to meaningfully confer with Plaintiff's counsel, and then informed Plaintiff of its position that the deposition could not proceed until the motion was resolved.

24. On December 8, 2017, this Court *sua sponte* rejected Defendant's motion for failure to comply with the Court's procedures. ECF No. 29.

25. Afterwards, Defendant made no attempt to comply with the relevant court procedures or otherwise pursue its motion.

26. Given that Defendant's counsel refused to cooperate in the identification of a mutually convenient date, on December 8, 2017, Plaintiff issued a Re-Notice of Rule 30(b)(6) Deposition and Notice of Ms. Lewis's deposition, both for December 18, 2017.

27. Defendant's counsel again took the position that he was not available, but offered no alterative date.

28. On December 9, Plaintiff's counsel made three more attempts to reach an agreement with Defendant regarding an alternative date, within the fact discovery period, for the depositions, but Defendant refused to cooperate.

29. Instead, Defendant suggested (vaguely) that a date in January might be selected at another time. Plaintiff informed Defendant that it would not agree to withdraw the noticed depositions without an agreement on an alternative date when Defendant's witness(es) will appear.

30. Nevertheless, Defendant failed to appear for the depositions noticed on December 18, 2017.

31. When notified that Defendant missed the relevant depositions, Defendant's counsel sent an email, suggesting again that a date in January <u>might</u> work for the Defendant (but he does not know).

32. Eventually, Defendant's counsel offered that Plaintiff take the relevant depositions on January 11, 2018 or January 12, 2018, a month after the deadline for fact and expert discovery.

33. In other words, Defendant sought to ignore its obligations under the Scheduling Order that the Court entered, and at the same time, make it impossible for Plaintiff to comply with the remaining deadlines in the Scheduling Order. *See* ECF No. 23.

34. Due to Defendant's refusal to comply with the deposition notices that Plaintiff served or to confer meaningfully with Plaintiff's counsel to select deposition dates within the confines of the Scheduling Order, Plaintiff filed a *Motion for Expedited Order Compelling Defendant's Appearance at Deposition and Imposing Sanctions for Failure to Appear*. ECF No. 31.

35. Before the Court could resolve that dispute, the parties participated in a mediation before Magistrate Judge Marilyn Heffley.

**True to the Pattern Set During this Litigation, Defendant Refuses to Comply with its Obligations as Described in the Parties' Settlement Documents**

36. On December 19, 2017, Judge Heffley was successful in negotiating a settlement between the parties to this Action. That same day, the parties drafted and executed a term sheet that would serve as a guide for and was incorporated into the Settlement Agreement.

37. The Settlement Agreement obligated Plaintiff to release and waive its claims against Defendant for a lump sum payment.[3] And, Defendant agreed to make the lump sum payment by January 3, 2017, fifteen days after the "Effective Date" (December 19, 2017).

---

[3] The term sheet and settlement agreement each have a confidentiality provision, prohibiting the parties from divulging the key terms of the settlement. Out of an abundance of caution, Plaintiff has omitted the price term from this Motion. Plaintiff, however, does not concede that the

38. Much like it ignored the requirements of the Copyright Act, this Court's various orders, and the deposition notices that Plaintiff served on Defendant, Defendant has ignored its contractual obligations and thus breached the terms of the Settlement Agreement.

39. More than two weeks after the deadline to remit payment to Plaintiff, Defendant still has not done so. Nor has Defendant offered any reasonable justification for the delay. *See* Exhibit F, January 2018 email exchange between Plaintiff's counsel and Defendant's counsel.

40. Once again, Defendant has unilaterally altered its obligations. Assuming that Defendant responded to this motion by immediately remitting payment, it still would have materially breached the Settlement Agreement by paying more than thirty days after the Effective Date, a term that Plaintiff explicitly rejected.

41. If Defendant's history in this case is any indication, Defendant will not comply with the Settlement Agreement unless the Court orders it to do so.

42. As a result, Plaintiff respectfully requests that the Court vacate the order dismissing this Action and enter an order compelling Defendant to pay Plaintiff the amount reflected the Settlement Agreement immediately after that order is entered.

43. In addition, the Settlement Agreement entitles either party to legal fees associated with enforcing the terms of the parties' settlement. *See* Exhibit B. Thus, Plaintiff respectfully requests that the Court compel Defendant to pay the attorneys' fees that Plaintiff has accrued in connection with filing this motion and securing the past due settlement payment.

44. Plaintiff also seeks any other relief or damages that the Court finds equitable or appropriate.

---

confidentiality clauses prohibit Plaintiff from seeking judicial intervention to hold Defendant accountable for its of the Settlement Agreement.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests entry of an Order: (i) reopening this Action; (ii) vacating the Court's order dismissing this Action; (iii) compelling immediate payment of the settlement amount by Defendant; (iv) compelling Defendant to pay Plaintiff's legal fees associated with this motion and any other efforts to secure the settlement amount; and (v) granting such other relief as is just and proper.

Dated:   January 19, 2018                                      Respectfully submitted,

**DUANE MORRIS LLP**

/s/   *Oderah C. Nwaeze*
Steven M. Cowley*                                              Oderah C. Nwaeze (#5697)
**DUANE MORRIS LLP**                                           222 Delaware Avenue, Suite 1600
100 High Street, Suite 2400                                    Wilmington, Delaware 19801
Boston, MA  02110-1724                                         Tel: (302) 657-4900
Tel:  (857) 488-4261                                           Fax: (302) 657-4901
Fax: (857) 401-3090
SMCowley@duanemorris.com                                       onwaeze@duanemorris.com

*admitted pro *hac vice*                                       *Counsel for Plaintiff*
                                                               *Michael Grecco Productions, Inc.*

## CERTIFICATE OF SERVICE

I, Oderah C. Nwaeze, hereby certify that on January 19, 2018, I caused copies of *Plaintiff's Motion to Reopen the Action, Vacate Dismissal, and Compel Specific Performance of the Settlement Agreement*, as well as its supporting documents, to be filed and served by ECF and electronic mail upon the following counsel of record:

> David L. Finger
> **Finger & Slanina, LLC**
> One Commerce Center
> 1201 N. Orange St., 7th fl.
> Wilmington, DE  19801
> dfinger@delawgroup.com
>
> Jonathan D. Plaut
> **Cohan Rasnick Myerson Plaut LLP**
> One State Street, 12th Floor
> Boston, MA 02109
> jdplaut@chardonlaw.com
>
> /s/   *Oderah C. Nwaeze*
> Oderah C. Nwaeze (#5697)